NO. 07-09-0200-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 5, 2010

_____

JESSE ALAN DISALVIO,

                                                            Appellant

v.

THE STATE OF TEXAS,

                                                            Appellee

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 17,890-A; HON. HAL MINER, PRESIDING

_____

***Anders Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jesse Alan Disalvio (appellant) appeals an order adjudicating him guilty of the offense of robbery. Pursuant to a plea agreement, appellant pled guilty to the offense, and the trial court deferred the adjudication of his guilt and placed him on community supervision for ten years. Subsequently, the State moved the trial court to proceed with the adjudication of appellant's guilt. Appellant pled not true to the alleged violations of

the terms of his community supervision, and the trial court held a hearing. Upon completion of the hearing, the trial court adjudicated appellant guilty and sentenced him to eight years in prison. The trial court certified that appellant had the right to appeal.

Appellant's counsel has now moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that she has searched the record and found no arguable grounds for reversal. The motion and brief illustrate that appellant was informed of his right to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by January 19, 2010. To date, appellant has filed no such response or brief.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed three potential areas for appeal, those being the sufficiency of the evidence to support a conviction for robbery, the finding he had violated conditions of his probation, and the admission of a voice mail message to his probation officer. However, counsel goes on to explain why the issues are without merit.

We have also conducted an independent review of the record to determine whether there existed reversible error and found none. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review from or prior to the plea hearing). The evidence presented at the adjudication hearing was sufficient to support the trial court's finding that appellant had violated terms and conditions of his probation. Furthermore, the punishment assessed was also within the

2

range prescribed by law. Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. §§29.02 &12.33(a) (Vernon 2003 & Supp. 2009).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.